UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAIN CORTEZ PATE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:19CV207 RLW |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Jermain Cortez Pate's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1), as well as his Motion for Summary Judgment (ECF No. 19), Request to Compel Respondent to Comply with Fed. R. Civ. P. 56(e) (ECF No. 22), Motion for Liberal Construction (ECF No. 23), Motion for Leave of Court to Stay Proceedings (ECF No. 24), Motion for Leave to File Suggestions in Support of Complaint in Lieu of Traverse (ECF No. 28), Request for Consideration of Written Submissions Pursuant to Rule 56 (ECF No. 29), Motion to Void Judgment Pursuant to Rule 60(b) (ECF No. 30), Motion for Leave to Proceed In Forma Pauperis (ECF No. 31), and Pro Se Motion for Leave of Court to Raise Newly Discovered Claim (ECF No. 33). Because this Court has determined that Pate's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Pate's claims are based, this Court decides this matter without an evidentiary hearing.[1] Likewise, the Court denies all of Pate's other motions as moot.

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006)

- 1 -

## BACKGROUND

Pate was found guilty robbery in the first degree and armed criminal action. (St. Louis County, No. 13SL-CR01396-01). The court sentenced him to concurrent terms of thirteen years' imprisonment in the Missouri Department of Corrections. The convictions were affirmed on appeal. *State v. Pate*, No. ED101709 (Mo. Ct. App. 2015).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]n a §2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially

---

(quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. Habeas

Pate presents four grounds for relief in his petition.

Pate's first ground for relief contends that "the trial court lacked personal jurisdiction." (ECF No. 1 at 4). Curiously, Pate contends that "trial counsel to file a timely motion to quash arrest warrant." (*Id.*) The circuit court found this claim did not justify state habeas relief.

The Court denies Pate's first ground for relief. The state habeas court found Pate defaulted on this ground. (Respondent's Ex. J at 3; Respondent's Exhibit K). "[A] state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the

˜3˜

state judgment rests on independent and adequate state procedural grounds.'" *Walker v. Martin*, 562 U.S. ——, ——, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011) (quoting *Coleman*, 501 U.S., at 729–730, 111 S.Ct. 2546); *Maples v. Thomas*, 565 U.S. 266, 280, 132 S. Ct. 912, 922, 181 L. Ed. 2d 807 (2012). The bar to federal review may be lifted, however, if "the prisoner can demonstrate cause for the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of federal law." *Id.*, at 750, 111 S.Ct. 2546; see *Wainwright v. Sykes*, 433 U.S. 72, 84–85, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Maples*, 565 U.S. at 280. Pate argues cause exists because the record on direct appeal was incomplete. (ECF No. 1 at 4). Pate, however, bore the responsibility to prepare the record on direct appeal. (Missouri Supreme Court Rules 30.04(b), 81.12(b)). The Court holds that Pate cannot complain about the record before the appellate court when he was the one that prepared and filed the record. Moreover, if he had been dissatisfied with the record he prepared and submitted, then he could have moved to supplement the record under Missouri Supreme Court Rule 30.04(d). Therefore, the Court holds Pate fails to show cause for his default.

Alternatively, the Court holds that that Pate's first ground is meritless. First, whether a state court has jurisdiction is not a constitutional question under 28 U.S.C. §2254(a). "'Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.'" *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (per curiam)). Second, the state habeas court determined that the state trial court had personal jurisdiction because Pate appeared and defended the charge. (Respondent's Exhibit J at 3). Even if the arrest were invalid, the invalidity of did not affect the jurisdiction of the trial court. (Respondent's Exhibit J at 3). The Court holds that the state court's determination (Respondent's Exhibit K) was reasonable and the Court affords it deference under 28 U.S.C. §2254(d). Respondent has provided no evidence to

support a finding that the state court's determination was unreasonable. In addition, Pate was convicted and sentenced. Consequently, Pate's complaint regarding the arrest warrant is now moot by conviction. *See Ivory v. Cassady*, No. 4:14 CV 2093 RWS, 2018 WL 1792209, at *21 (E.D. Mo. Apr. 16, 2018) ("To the extent Petitioner challenges the probable cause statement itself as insufficient to support probable cause for the kidnapping offense charged, the claim is moot."). Thus, the Court holds that Pate's first ground is meritless.

In his second ground, Pate contends the trial court "interfered with the Speedy Trial Act." (ECF No. 1 at 6). The Court holds that this fails to state a constitutional claim cognizable under 28 U.S.C. §2254(a). If Pate is attempting to allege a claim under the Missouri Speedy Trial Act, then such claim is not recognizable under Section 2254(a). *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (citing *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir.1986) ("Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition"). If Pate is attempting to allege a Speedy Trial Act claim under federal law, then his claims is likewise meritless. The state court reasonably resolved this claim and the Court affords that resolution deference under Section 2254(d). *See* Respondent's Exhibit 4-6 (holding that the any delay did not impair Pate's defense). Pate does not attempt to show the state court's determination was unreasonable. (ECF No. 1 at 6). The Court holds that ground two is meritless.

Finally, Pate's third ground for relief complains that the arrest warrant violated "the warrant clause" (ECF No. 1 at 7) and the fourth ground for relief contends that "the commitment warrant" violated due process because it "lacked recitals." (ECF No. 1 at 9). Pate is no longer in custody on a warrant; therefore, that ground is moot. Rather, Pate is in custody on the sentence and judgment of the St. Louis County Circuit Court (Respondent's Exhibit B at 107-09). Pate may be alleging that an illegal arrest deprived the trial court of jurisdiction. Pate's claim, however, is meritless. *State v. Berry*, 609 S.W.2d 948, 953, n.3 (Mo. 1980) ("If [petitioner] is

support a finding that the state court's determination was unreasonable. In addition, Pate was convicted and sentenced. Consequently, Pate's complaint regarding the arrest warrant is now moot by conviction. *See Ivory v. Cassady*, No. 4:14 CV 2093 RWS, 2018 WL 1792209, at *21 (E.D. Mo. Apr. 16, 2018) ("To the extent Petitioner challenges the probable cause statement itself as insufficient to support probable cause for the kidnapping offense charged, the claim is moot."). Thus, the Court holds that Pate's first ground is meritless.

In his second ground, Pate contends the trial court "interfered with the Speedy Trial Act." (ECF No. 1 at 6). The Court holds that this fails to state a constitutional claim cognizable under 28 U.S.C. §2254(a). If Pate is attempting to allege a claim under the Missouri Speedy Trial Act, then such claim is not recognizable under Section 2254(a). *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (citing *Cain v. Petrovsky,* 798 F.2d 1194, 1195 (8th Cir.1986) ("Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition"). If Pate is attempting to allege a Speedy Trial Act claim under federal law, then his claims is likewise meritless. The state court reasonably resolved this claim and the Court affords that resolution deference under Section 2254(d). *See* Respondent's Exhibit 4-6 (holding that the any delay did not impair Pate's defense). Pate does not attempt to show the state court's determination was unreasonable. (ECF No. 1 at 6). The Court holds that ground two is meritless.

Finally, Pate's third ground for relief complains that the arrest warrant violated "the warrant clause" (ECF No. 1 at 7) and the fourth ground for relief contends that "the commitment warrant" violated due process because it "lacked recitals." (ECF No. 1 at 9). Pate is no longer in custody on a warrant; therefore, that ground is moot. Rather, Pate is in custody on the sentence and judgment of the St. Louis County Circuit Court (Respondent's Exhibit B at 107-09). Pate may be alleging that an illegal arrest deprived the trial court of jurisdiction. Pate's claim, however, is meritless. *State v. Berry*, 609 S.W.2d 948, 953, n.3 (Mo. 1980) ("If [petitioner] is

asserting that an illegal arrest deprives the trial court of jurisdiction to try the case such assertion must clearly fail."); *United States v. Crews*, 445 U.S. 463, 474, 100 S. Ct. 1244, 1251, 63 L. Ed. 2d 537 (1980) ("'An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."); *see also Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 1073, 103 L. Ed. 2d 334 (1989). As a final matter, Pate contends he litigated his claim in his first state habeas litigation (ECF No. 1 at 7). As with ground one, the state habeas corpus court denied relief because of Pate's default and because the claim was meritless. (Respondent's Ex. K at 2-3). Pate has failed to show good cause and actual prejudice to overcome the default. The Court, therefore, affords the merits determination by the state court deference under section 2254(d). The Court holds grounds three and four meritless.

Accordingly,

**IT IS HEREBY ORDERED** that Jermaine Pate's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (ECF No. 19), Request to Compel Respondent to Comply with Fed. R. Civ. P. 56(e) (ECF No. 22), Motion for Liberal Construction (ECF No. 23), Motion for Leave of Court to Stay Proceedings (ECF No. 24), Motion for Leave to File Suggestions in Support of Complaint in Lieu of Traverse (ECF No. 28), Request for Consideration of Written Submissions Pursuant to Rule 56 (ECF No. 29), Motion to Void Judgment Pursuant to Rule 60(b) (ECF No. 30), Motion for Leave to Proceed In Forma Pauperis (ECF No. 31), and Pro Se Motion for Leave of Court to Raise Newly Discovered Claim (ECF No. 33) are **DENIED** as moot.

**IT IS FINALLY ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See*

*Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 20th day of March, 2020.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE