UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE C. PATE, | ) |
| Petitioner, | ) ) |
| v. | ) Case No. 4:19-cv-00207-SEP |
| JENNIFER SASCHE, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is Petitioner Jermaine C. Pate's Motion to Recall Mandate, filed in this closed habeas action on July 31, 2024. *See* Doc. [41]. For the reasons set forth below, the motion will be denied.

Though it is not entirely clear from the face of the motion, it appears that Petitioner is asking the Court to find that the Missouri state court did not have jurisdiction when it refused to allow him to reopen his Rule 29.15 proceedings. In his motion, Petitioner asks that the instant motion "be treated as a supplement pleading to any previously filed Rule 75.01 motion to reopen Rule 29.15 proceedings." *Id*. at 2. Petitioner recently filed such a motion with the state court, which was denied in May of this year. *Id*. at 3.[1] To the extent that is the relief sought by Petitioner, the Court does not have that power. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986).

If, on the other hand, Petitioner is asking the Court to withdraw or nullify the mandate issued by the United States Court of Appeals for the Eighth Circuit issued on November 9, 2020, Doc. [39], after denying his appeal of the dismissal of his underlying habeas petition,[2] that too is outside the scope of this Court's authority. *See Ryan v. Schad*, 570 U.S. 521, 525 (2013) (only a federal court of appeals has the power to withdraw its mandate, and it is a power "of last resort,

---

[1] Included in the text of Petitioner's motion is an Order of the 21st Circuit Court of St. Louis County dated May 23, 2024, denying his Motion to Reopen Rule 29.15 Proceedings.

[2] While Petitioner's motion focuses mainly on alleged errors by the state court, he also asserts that this Court must "recall the mandate and dismiss the petition for writ of habeas corpus for want of jurisdiction in order that the reported decision may not appear to be a precedent for the exercise of jurisdiction by this court in a case of this kind." Doc. [41] at 1.

1

to be held in reserve against grave, unforeseen contingencies") (quoting *Calderon v. Thompson*, 523 U.S. 538, 555 (1998)); *see also SEKRI, Inc. v. U.S.,* 163 Fed. Cl. 562, 575 (2022) ("[A]ll issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication by the district court.") (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)); Federal Rule of Appellate Procedure 41 (describing mandate process).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Recall Mandate, Doc. [41], is **DENIED**.

Dated this 6th day of September, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE