# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERMAINE C. PATE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:19-cv-00207-SEP |
| | ) |
| JENNIFER SASCHE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Petitioner Jermaine C. Pate's Verified Motion to Vacate Pursuant to Rule 60(b), filed in this closed habeas action on February 19, 2025, and his Petition for Writ of Habeas Corpus, filed on March 10, 2025. *See* Docs. [44], [45].

In his first motion, Doc. [44], Petitioner asks the Court to reconsider, pursuant to Federal Rule of Civil Procedure 60(b)(1), the denial of his Petition for Habeas Relief, Doc. [1], by the Honorable Ronnie L. White on March 20, 2020. *See* Docs. [34], [35]. Petitioner argues that Judge White erroneously found that his third claim for habeas relief was procedurally defaulted. *See* Doc. [44] at 1.

"Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA." *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules Governing Section 2254 cases). A Rule 60(b) motion is not considered a second or successive habeas corpus petition if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar." *Id.* at 933. Because Pate asserts an erroneous finding of procedural default, the Court does not construe his request for reconsideration as a second or successive habeas petition. But the motion was filed almost four years too late. Rule 60(b)(1) permits a district court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect," so long as the motion is filed "within a reasonable time," and, at most, one year after the entry of the order under review. *See* Fed. R.

1

Civ. P. 60(b)(1), (c)(1). Here, the judgment denying Pate's habeas petition was entered on March 20, 2020, and his motion was filed on February 19, 2025. Because it is untimely, the motion is denied. *See Kemp v. United States*, 596 U.S. 528, 531 (2022).

Pate's Petition for Writ of Habeas Corpus seeks habeas relief pursuant to 28 U.S.C. § 2254 on the grounds that his constitutional rights were violated when the state trial court refused to exclude hearsay testimony during his trial. *See* Doc. [45] at 1, 19. A district court may not entertain a second or successive habeas petition unless it has first been certified by the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(a). The instant petition for habeas relief has not been certified by the United States Court of Appeals for the Eighth Circuit. Therefore, the Court may not grant the requested relief, and the petition must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Verified Motion to Vacate Pursuant to Rule 60(b), Doc. [44] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, Doc. [45], is **DENIED**.

Dated this 10th day of September, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE